IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL, IDOC # B40832,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-947-GPM |
| | ) |
| **GLADYSE C. TAYLOR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Michael Hall, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of eighteen years' imprisonment at the Menard Correctional Center ("Menard") for armed home invasion, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of Hall's constitutional rights by persons acting under color of state law.  At this time Hall's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In Hall's pro se complaint Hall alleges that at an unspecified time during his incarceration at Menard he has suffered more than seventy-one heart attacks "daily." Doc. 1 at 6.[1] Hall alleges further that he has been denied medical care for his heart by Menard staff, in violation of the Eighth Amendment. Hall, who is black, appears to believe that the alleged withholding of medical care is due to racial animus against him. Named as Defendants in this case are Gladyse C. Taylor, the acting director of the IDOC, Jackie Miller, a member of the IDOC's adjustment review board, and Wexford Medical Services ("Wexford"), a company that furnishes health care to prisoners in IDOC custody pursuant to a contract with the IDOC. Hall seeks damages of $71 million ($1 million per heart attack, evidently) and transfer to a different IDOC facility. Having considered the matter carefully, the Court rules as follows.

---

1. It is not clear to the Court whether Hall means that he has suffered over seventy-one heart attacks in the space of one day for an unspecified number of days, or whether Hall means that he has suffered one heart attack per day for seventy-one days or more.

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has explained, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom it has incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). The indicia of a serious medical need are: (1) where failure to treat the condition could "result in further significant injury or the 'unnecessary and wanton infliction of pain'"; (2) "existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104).

The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The right of equal protection "has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers. The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action." *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). *See also Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983) (a person asserting an equal protection violation "must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual"), *abrogated on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Thus, to show an equal protection violation, a plaintiff "must demonstrate intentional or purposeful discrimination by . . . [state] authorities to favor one class over another." *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980). It is not necessary for a plaintiff asserting an equal protection violation "to prove that the challenged action rested solely on . . . discriminatory purposes" or even that "a [discriminatory] purpose was the 'dominant' or 'primary' one" underlying a challenged official act. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)). Still, the notion of "'[d]iscriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies

that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (citation and footnote omitted). Deliberate racial discrimination in the operation of a state prison violates equal protection. *See Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state a claim for an equal protection violation, a prisoner must allege that he or she is a member of a protected class, and that state actors treated members of the prisoner's class less favorably than people not in the class but who are similarly situated. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Harris v. Greer*, 750 F.2d 617, 618-19 (7th Cir. 1984). *Accord Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (to state an equal protection claim a prisoner must allege facts showing that (1) the prisoner is similarly situated with other prisoners who received more favorable treatment and (2) the discriminatory treatment of the prisoner was based on a constitutionally protected interest such as race). A required threshold showing, then, is that a plaintiff was treated differently than others who are similarly situated. *See, e.g., Desris v. City of Kenosha, Wis.*, 687 F.2d 1117, 1119 (7th Cir. 1982). Also, "[t]o be similarly situated, 'comparators must be . . . prima facie identical in all relevant respects.'" *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 945 (7th Cir. 2009) (quoting *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005)). Correspondingly, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause," because such incidents "[a]t most . . . demonstrate[ ] 'a mere inconsistency in prison management . . . which . . . may not in itself constitute a cognizable equal protection claim.'" *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)).

In this instance, Hall alleges no facts showing that Taylor and Miller were personally involved in any alleged deprivation of Hall's constitutional rights, as is necessary, of course, to establish liability under 42 U.S.C. § 1983. It is well settled that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Rasche v. Village of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003). Thus, in Section 1983 cases, "[m]erely invoking the name of a . . . defendant is not sufficient to state a claim against that individual." *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Instead, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). As to Wexford, Hall's allegations regarding a supposed violation of his Eighth Amendment rights are flatly absurd. It is not infrequently the case that the numerous complaints filed by Hall in this Court concerning the conditions of his confinement at Menard fall into the territory of the legally insufficient. *See, e.g., Hall v. Pautler*, Civil No. 10-766-GPM (S.D. Ill. Feb. 12, 2011) (order dismissing action for failure to state a claim upon which relief may be granted); *Hall v. Gardener*, Civil No. 10-539-GPM (S.D. Ill. Feb. 9, 2011) (same); *Hall v. Carter*, Civil No. 10-944-GPM (S.D. Ill. Feb. 6, 2011) (same); *Hall v. Taylor*, Civil No. 11-21-GPM (S.D. Ill. Feb. 5, 2011) (same). However, in this case Hall's allegations that he has suffered and

survived, without medical care, over seventy-one heart attacks veer out of the territory of mere legal insufficiency into that of pure fiction.[2] Fortunately, the Seventh Circuit Court of Appeals has instructed that "a prisoner's case . . . or anyone else's, for that matter," may be dismissed "when the factual allegations are incredible." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (citing *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)). "Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable[.]" *Id*. Such is the case here: the allegations of Hall's Eighth Amendment claim are simply nutty and unworthy of credence. Because Hall's Eighth Amendment claim for denial of medical care is frivolous, any equal protection claim Hall may be making in connection with the same alleged denial of care is frivolous as well. However, the Court does note that Hall fails to allege that similarly-situated white prisoners at Menard receive more favorable treatment with respect to medical care than Hall does. Though Hall seems to suggest that white prison guards and white nurses at Menard receive more favorable treatment, guards and nurses are not proper comparators, given that guards and nurses have personal freedom, unlike prisoners, as well as comparatively greater resources than prisoners have, and thus enjoy a wider range of options as to health care than do prisoners. The Court finds that Hall's constitutional claims are due to be dismissed.

---

2. The Court notes that, in addition to being ridiculous, the allegations of Hall's complaint also are laced with inappropriate language like "nigger" and "fuck." Doc. 1 at 4. The Court expects Hall to conduct himself with a bit more decorum than this in Hall's future transactions before this tribunal. *See Kelly v. Null*, Civil Nos. 07-339-GPM, 08-322-GPM, 2009 WL 4065040, at **2-4 (S.D. Ill. Nov. 23, 2009) (imposing sanctions on a prisoner who used language similar to Hall's in his submissions to the Court).

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Hall's complaint is frivolous. Therefore, this action is **DISMISSED with prejudice**. Hall's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. Hall is advised that the dismissal of this case will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  February 12, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
